UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SCOTT LEROY WILSON,<br><br>     Petitioner,<br><br>vs.<br><br>CHIEF WARDEN ROBERT DOOLEY; AND THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>     Respondents. | 4:17-CV-04057-KES<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>DOCKET NO. 4 |

This matter is before the court on petitioner Scott Leroy Wilson's *pro se* petition for habeas relief pursuant to 28 U.S.C. § 2254. See Docket No. 1. This matter was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, district judge. Pending is Mr. Wilson's motion for the appointment of counsel at the court's expense to represent him in this matter. See Docket No. 4.

It is well settled that "[a] habeas corpus proceeding is civil in nature, and 'the Sixth Amendment right to counsel afforded for criminal proceedings does not apply.' " Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994) (citing Boyd v. Groose, 4 F.3d 669, 671 (8th Cir. 1993)). Because Mr. Wilson has no constitutional right to appointment of counsel in his habeas proceeding (see Phelps v. United States, 15 F.3d 735, 737 (8th Cir. 1994)), the district court has

discretion to determine whether to appoint counsel.[1]  Sullivan v. Lockhart, 958 F.2d 823, 826 (8th Cir. 1992) (citing Ferguson, 905 F.2d at 213-214).  Refusal by the court to appoint counsel to assist petitioner in presenting a federal habeas corpus petition does not violate petitioner's constitutional rights.  Hull v. Swenson, 431 F.2d 1194, 1195 (8th Cir. 1970).

A court may, "in the interests of justice," appoint representation to any financially eligible person who is seeking relief under 28 U.S.C. § 2254.  18 U.S.C. § 3006A(a)(2)(B).  The Eighth Circuit has set forth the following standard with regard to discretionary appointments of counsel for *pro se* habeas petitioners:

> When exercising its discretion, a district court should first determine whether a pro se habeas petitioner has presented a nonfrivolous claim.  If the petitioner has presented only claims that are frivolous or clearly without merit, the district court should dismiss the case on the merits without appointing counsel.  If the petitioner has presented a nonfrivolous claim, the district court should then determine whether, given the particular circumstances of the case, the appointment of counsel would benefit the petitioner and the court to such an extent that "the interests of justice so require" it.  To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider

---

[1] A district court must appoint counsel to represent petitioner in any evidentiary hearings deemed necessary by the court.  Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994) (citing Rules Governing § 2254 Cases, Rule 8(c), 28 U.S.C.A. foll. § 2254).  An evidentiary hearing is not necessary when "the issues involved can be properly resolved on the basis of the state court record."  Smith v. Groose, 998 F.2d 1439, 1442 (8th Cir. 1993) (citing McCann v. Armontrout, 973 F.2d 655, 661 (8th Cir. 1992)).  A petitioner is entitled to an evidentiary hearing in federal court only if he shows "both cause for failure to adequately develop the facts in the postconviction state court hearing and actual prejudice resulting therefrom."  Smith, 998 F.2d at 1442 (citing McCann, 973 F.2d at 658).  "A federal court should grant a hearing if the facts are in dispute or if a fair evidentiary hearing was not conducted in state court."  Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990) (citing Wallace v. Lockhart, 701 F.2d 719, 729 (8th Cir. 1983)).

> the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present [articulate] his claim, and any other relevant factors.

Abdullah, 18 F.3d at 573 (internal citations omitted); see also McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990).

At this point in the proceedings it is clear that Mr. Wilson is not entitled to appointment of counsel to assist him in pursuing federal habeas relief. The settled record is clear, and this court does not require the assistance of counsel to read and understand it. Mr. Wilson appears capable of presenting and articulating his claims to this court. See Abdullah, 18 F.3d at 573-74 (court held that although appellate counsel could have presented a stronger argument in district court, counsel would have been of little benefit in reading and understanding the settled record). Thus, this court finds that it is not in the interests of justice to appoint counsel to assist Mr. Wilson in his federal habeas corpus petition. Accordingly, it is hereby

ORDERED that Mr. Wilson's motion for the appointment of counsel, Docket No. 4 is denied.

DATED this 5th day of June, 2017.

BY THE COURT:

*Veronica L. Duffy*
VERONICA L. DUFFY
United States Magistrate Judge