UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| SCOTT LEROY WILSON,<br><br>     Petitioner,<br><br>vs.<br><br>CHIEF WARDEN ROBERT DOOLEY,<br>AND THE ATTORNEY GENERAL OF<br>THE STATE OF SOUTH DAKOTA,<br><br>     Respondents. | 4:17-CV-04057-KES<br><br>ORDER ADOPTING REPORT AND<br>RECOMMENDATION |

Petitioner, Scott Leroy Wilson, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to Magistrate Judge Veronica L. Duffy for a report and recommendation and she recommended dismissing the petition. Petitioner then filed an objection to the report and recommendation. For the following reasons, the court adopts Magistrate Judge Duffy's report.

**STANDARD OF REVIEW**

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. Under 28 U.S.C. § 636(b)(1), the court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. *See* Fed. R. Civ. P. 72(b). ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## DISCUSSION

Wilson complains that he did not receive a court appointed attorney while pursuing his habeas petitions in state and federal court. But it has long been recognized that refusal by the court to appoint counsel to assist a petitioner in presenting a federal habeas corpus petition does not violate a petitioner's constitutional rights. *See Hull v. Swenson*, 431 F.2d 1194, 1195 (8th Cir. 1970).

Wilson also alleges that he should not be held in prison for failing a polygraph when he was not convicted of a sex offense. As Magistrate Judge Duffy recognized in the report and recommendation, this claim was not exhausted at the state level. Wilson should have pursued an appeal of the decision of the board of pardons and parole to circuit court under SDCL Ch. 1-26. Because Wilson failed to properly pursue his administrative appeal, he has not exhausted his state remedies and he has not shown cause for the procedural default. As a result, Wilson's habeas petition is dismissed with prejudice.

## CONCLUSION

This court has reviewed Magistrate Judge Duffy's report and recommendation de novo and Wilson's objections. This court adopts the report and recommendation and dismisses Wilson's petition for relief with prejudice.

Thus, it is ORDERED that the report and recommendation (Docket 15) is adopted in full. Wilson's objections to the report and recommendation (Docket 16) are overruled. Defendant's motion to dismiss (Docket 8) is granted. Petitioner's pro se petition for habeas corpus is denied with prejudice.

IT IS FURTHER ORDERED that based upon the reasons stated and under Fed. R. App. P. 22(b), the court finds that petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Thus, a certificate of appealability is denied.

Dated October 19, 2017.

BY THE COURT:
*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE